FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

15 NOV -6 AM 11: 21

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

VIERGE SIMILIEN, on behalf of herself
and others similarly situated,

   Plaintiff,

vs.

CASE NO.

INDIGO PALMS MANAGEMENT, INC., a
Florida Profit Corporation,

2:15-cv-697-FtM-29CM

   Defendant.

JOHN E. STEELE

CAROL MIRANDO

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

   Plaintiff, VIERGE SIMILIEN, on behalf of herself and other employees and former employees similarly situated, by and through the undersigned counsel, files this Complaint against Defendant, INDIGO PALMS MANAGEMENT, INC. d/b/a HOTEL INDIGO, and states as follows:

### JURISDICTION

   1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201., et seq. (hereinafter the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

   2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(h).

### PARTIES

   3. At all times material hereto, Plaintiff was, and continues to be a resident of Lee County, Florida.

   4. At all times material hereto Defendant, INDIGO PALMS MANAGEMENT,

INC., is a Florida Profit Corporation, and was engaged in business with a principle place of business in Lee County, Florida.

5. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

6. At all times material hereto, Defendant was the "employer" within the meaning of FLSA.

7. Defendant was, and continues to be an "employer" within the meaning of FLSA.

8. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

9. At all times material hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At al times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

12. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

13. The additional persons who may become plaintiffs in this action are/were non-exempt employees of Defendant, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours and/or who worked for Defendants in one or

more work weeks and were not paid at least minimum wage for all hours worked.

14. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

15. From on or about February 1, 2014 through April 20, 2015, Defendant hired Plaintiff to work as a nonexempt housekeeper.

16. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

17. From at least February 1, 2014 and continuing through April 20, 2015, Defendant failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

18. Defendant has violated Title 29 U.S.C. §206 and 207 from at least February 1, 2014 and continuing through April 20, 2015 in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

   b. No payments, and provisions for payment, has been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

   c. Defendant failed to compensate Plaintiff at least minimum wage for each hour worked; and

    d. Defendant has failed to maintain proper time records as mandated by the FLSA.

19. Plaintiff has retained the law firm of BERKE LAW FIRM, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its Services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

20. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 — 19 as if incorporated herein.

21. From at least February 1, 2014 and continuing through April 20, 2015, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

22. Rather, throughout her employment Plaintiff was required to work off the clock which resulted in unpaid overtime compensation and at various times was paid straight time for hours worked over forty (40) in a workweek.

23. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

24. At all times material hereto, Defendant failed to maintain proper time records as mandated by the FLSA.

25. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

26. Defendant has failed to properly disclose or apprise Plaintiff of her rights under

4

the FLSA.

27. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

28. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

29. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

30. Based upon information and belief, Defendant has failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest;

    f. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff; and

    g. Ordering any other further relief the Court deems just and proper.

## COUNT II
### RECOVER OF UNPAID MINIMUM WAGES

31. Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 — 19 as if incorporated herein.

32. From at least February 1, 2014 and continuing through April 20, 2015, Plaintiff was not compensated for all hours worked.

33. Rather, Defendant required Plaintiff to perform work off the clock at the end of the day filling baskets with housekeeping supplies for the following day.

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. At all relevant times, Defendant employed, and/or continues to employ Plaintiff and similarly situated non-exempt housekeepers.

36. As stated above, Defendant has a policy and practice of failing to pay their non-exempt employees minimum wages for all hours worked.

37. Such a policy and practice violates the FLSA.

38. Defendant's failure to pay Plaintiff and other non-exempt employees the full minimum wage is a violation of 29 U.S.C. § 206.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

b. Awarding Plaintiff compensation in the amount due to her for all Plaintiff's hours worked;

c. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 216(b) to those similarly situated to Plaintiff; and

g. Ordering any other further relief the Court deems just and proper.

Respectfully submitted this 5th day of November 2015.

BERKE LAW FIRM, P.A.

By: _____
Bill B. Berke, Esq.
Florida Bar No. 0558011
berkelaw@yahoo.com
4423 Del Prado Blvd. S.
Cape Coral, FL 33904
Telephone: (239) 549-6689
*Attorneys for Plaintiff*

7